Filed 4/30/26  P. v. Moreno CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY ERNEST MORENO,<br><br>     Defendant and Appellant. | B340932<br><br>(Los Angeles County<br>Super. Ct. No. VA073828) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Joseph R. Porras, Judge.  Affirmed.

Jennifer Peabody and Richard B. Lennon, under appointment by the court of appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Seth P. McCutcheon, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Johnny Ernest Moreno was sentenced to 56 years to life under the "Three Strikes" law (Pen. Code[1] §§ 667, subds. (b)-(i), 1170.12), including enhancements for a prior felony conviction (§ 667, subd. (a)) and a prior prison term (former § 667.5, subd. (b)).  At a resentencing hearing (§ 1172.75), the trial court struck those enhancements and resentenced Moreno to 50 years to life. On appeal, Moreno contends the trial court erred in denying further resentencing relief pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  We affirm.

## BACKGROUND

### I.    Prior Convictions

In 1999, the then-22-year-old Moreno was convicted of committing a lewd act upon a child.  (§ 288, subd. (a).)  In 2002, he was convicted of unlawful sexual intercourse with a minor. (§ 261.5.)

### II.    Conviction and Sentence

In 2003, a jury convicted Moreno of sexually abusing his half-sister multiple times over a roughly fourteen-month period, beginning when she was six years old.  (§ 288.5, subd. (a).) (*People v. Moreno* (Dec. 23, 2004, B170278) [nonpub. opn.] (*Moreno*).)

Moreno waived a jury trial on allegations of his prior convictions.  The trial court sentenced Moreno to an aggregate sentence of 56 years to life, consisting of 25 years to life on the sexual abuse charge; 25 years to life for one prior "strike" conviction (§ 1170.12); five years for a prior violent felony

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

conviction (§ 667, subd. (a)); and one year for a prior prison term (former § 667.5, subd. (b)).  On direct appeal, we affirmed the judgment.  (*Moreno*, *supra*, B170278.)

## III.  Resentencing and Appeal

In 2022, the California Department of Corrections and Rehabilitation notified the trial court of Moreno's eligibility for resentencing pursuant to section 1172.75.

At the 2024 resentencing hearing, Moreno moved to strike his prior strike conviction pursuant to *Romero*, *supra*, 13 Cal.4th 497.  Moreno argued that he was 47 years old; had participated in numerous rehabilitative services while incarcerated; had sought counseling to address his mental health and childhood trauma; had found purpose through religion; and had maintained a low reclassification score since 2015, indicating a consistent history of good conduct in prison.

The trial court denied Moreno's motion.  The court found that the 1999 prior strike conviction, in which Moreno sexually assaulted and "impregnate[d] a 12-year-old girl[,]" fell within the spirit of the Three Strikes Law.  In the years immediately following the prior strike conviction, Moreno was convicted of two similar sexual offenses against minors.  And Moreno's "behavior since being in custody is luke[]warm, at best"; the court cited multiple prison rules violations, including possession of drug paraphernalia and a positive methamphetamine test as recently as 2022.  These considerations led the court "to not exercise discretion to strike the strike[.]"

The trial court did, however, strike the prior conviction and prior prison term enhancements, reducing Moreno's sentence to 50 years to life.

Moreno timely appealed.

3

## DISCUSSION

Section 1172.75, subdivision (a) invalidates most sentence enhancements for prior prison terms (§ 667.5, subd. (b)) imposed prior to January 1, 2020. Section 1172.75, subdivision (c) requires the trial court, upon finding a judgment includes such an enhancement, to recall the sentence and resentence the defendant. In resentencing, the court must apply any changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity and promote uniformity in sentencing. (*Id.* at subd. (d)(2).)

Section 1385, subdivision (a), gives a court the discretion to dismiss an "action" in the furtherance of justice. Under that section, a court may grant a defendant's motion to strike prior felony conviction allegations brought under the Three Strikes law (*Romero* motion). (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.) In assessing a *Romero* motion, the court must consider "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review the denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) "Abuse of discretion in failing to strike a prior conviction occurs in limited circumstances: where the trial court is not aware of its discretion; where the trial court considers impermissible factors; or where applying the Three Strikes law would produce an arbitrary, capricious, or patently absurd result

4

under the specific facts of a particular case." (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1029 (*Dryden*).)

Only the latter circumstance is relevant here. Moreno argues that justice requires the grant of his *Romero* motion, citing the strength of his prison record, his relative youth at the time of the offenses, and the remoteness of his convictions.

Moreno was convicted of three heinous sexual offenses against children in a four-year period. His prior strike conviction was for impregnating a 12-year-old girl, and his most recent conviction was for continual sexual abuse of his half-sister, beginning when she was six years old. (*Moreno, supra*, B170278.) Few crimes fall more squarely within the spirit of the Three Strikes law.

Moreover, although Moreno participated in rehabilitative and therapeutic programs in prison, that programming was not entirely successful in controlling his compulsions to engage in unlawful behavior. As the trial court noted, despite Moreno's involvement in multiple substance abuse programs over a 22-year period and his protestations of sobriety during incarceration, he was recently cited for possession of drug paraphernalia) and testing positive for methamphetamine.

Under these circumstances, we cannot conclude that the "specific facts" of Moreno's case render application of the Three Strikes law "arbitrary, capricious, or patently absurd." (*Dryden, supra*, 60 Cal.App.5th at p. 1029; see also *Carmony, supra*, 33 Cal.4th at p. 378 [" '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling' "].)

5

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

GILBERT*

We concur:


_____, P. J.

LUI


_____, J.

CHAVEZ

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.